JOHN A. SOWERS AND ANOTHER v. STEPHEN MANN.

If, after the note sued on was given, there was a new agreement between the parties, whereby, it was to be regarded as a payment of an amount that would be due from the plaintiff, upon the defendant's making him a title to a tract of land, which the defendant bound himself to do, when a patent should issue, the plaintiff cannot recover, without showing that the defendant was in default, either in procuring a patent, or making a title to the land.

APPEAL from Dallas. Tried below before the Hon. Nat. M. Burford.

This was a suit by Stephen Mann against John A. Sowers and William B. Miller, on the following note, to wit:

" $475.

" Twelve months after date, for value received, we, or either of us, promise to pay Stephen Mann, four hundred and seventy-five dollars, or sooner, if Isaiah B. Hudson should make said Mann, a good and valid title to 320 acres of timbered land, on the west fork of the Trinity river, near Jas. Horton's mill, with interest from date, at the rate of twelve per cent., per annum, this 5th day of January, 1858.      JOHN A. SOWERS,
WM. B. MILLER."

The defendants, in their answer, alleged, that the defendant, Sowers, sold to Isaiah B. Hudson, the land mentioned in the note, for $1000, one half of which was paid at the time, and the remainder was to be paid when Sowers should make a title, which he gave his bond to do, so soon as a patent was issued; that Hudson sold the land to the plaintiff, for the same amount, one half of which was also to be paid when the title should be made him by Hudson, who also executed his bond to make title, when the patent was obtained. And that when the note was given, it was the understanding, that the plaintiff would have to pay Hudson, and he would have to pay the defendant, Sowers, the said sum of $500, and this was the reason why the note was made payable when the title should be made to the plaintiff by

Hudson. But that the plaintiff afterwards became dissatisfied with the transaction, as it then stood, and he, Hudson, and the defendant, Sowers, agreed that the bonds from Sowers to Hudson, and from Hudson to the plaintiff, should be cancelled and destroyed, and that the defendant, Sowers, should execute his bond for title, to the plaintiff; and the whole matter was to stand, as if Hudson had never appeared in it; that the indebtedness from the plaintiff to Hudson, and from him to the defendant, Sowers, was also to be cancelled, and the plaintiff to become responsible to Sowers, for the balance of $500 due him from Hudson; and it was also agreed, that the note sued on, should pay the said debt, and be regarded by both parties as a payment of the said $500, and was to be receipted on the making of title to the land, which the defendant, Sowers, gave his bond to the plaintiff, to make him, as soon as a patent issued; and that the said note should at that time have been lifted, but that the plaintiff held it, supposing it would be a security for the money paid the defendant, Sowers, if he refused to make him a deed for the land when the patent issued.

The plaintiff excepted to this answer, but his exception was overruled. On the trial the court instructed the jury: "If, after making the note sued on, there was an agreement to cancel the same, on Sowers procuring a patent and making plaintiff a deed for the tract of land, then you will find for the defendants, if the proof satisfies you that Sowers has made such deed; otherwise, you will find for the plaintiff.

"If Sowers bound himself to make plaintiff a deed, when he should obtain a patent for the land, the plaintiff is not bound to accept a deed until a patent issues; a mere deed from Sowers, without title in him, would not be a compliance with his bond."

There was a verdict and judgment for the plaintiff, from which the defendants appealed.

*George W. Guess*, for the appellants.

*B. Warren Stone*, for the appellee.

ROBERTS, J.—The error in the charge consists in its departure from the issue in the pleading of the parties.

The defence to the note set up in the plea (which was held sufficient on exception,) is, that after giving the note, a new agreement was made by which Sowers bound himself in a bond, to make a title to the land directly to Mann, and Mann bound himself to pay to Sowers, instead of to Hudson, the $500 still due upon the land, when Sowers should make to Mann a deed to the land, which was to be done when a patent should be issued by the government for the land; and that this note, upon the making of the deed, should be regarded as a payment of the said $500, and should be receipted upon making said title. The true issue to have been presented to the jury was, whether or not they believed, from the evidence, such new agreement had been made as alleged in the plea. The effect of such an agreement would have been, to suspend Sowers's obligation to pay the note, until he could procure the patent from the government, or at least, until he was shown to be in default in not procuring the patent, and in making a title under his bond. If such agreement had been made, it was incumbent on the plaintiff, before he could recover on the note, to allege and prove facts, which placed Sowers in default in not procuring the patent or making the deed.

The charge of the court reverses the matter, and makes Sowers's right to resist the enforcement of his obligation on the note, dependent upon his having procured a patent from the government, and executed a deed to Mann. This was directly contrary to the terms of the new agreement, as alleged in the plea. The bond given by Sowers to Mann, and Hudson's testimony, tended to establish this new agreement, and might well have been regarded by the jury as full proof of it. For this error in the charge of the court, the judgment is reversed and the cause remanded.

Reversed and remanded.